JOHN M. KIM (Bar No. 188997)
**IP LEGAL ADVISORS, PC**
1940 Garnet Avenue, Suite 230
San Diego, CA 92109
Tel: 858-272-0227
Fax: 858-272-0221

Attorney for Plaintiff
DIRECTO HISPANIC, LLC

FILED
2008 AUG 22 PM 3:46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ KMH _____ DEPUTY

'08 CV 1560 JLS WMc

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DIRECTO HISPANIC, LLC,
a Florida Limited Liability Company
  Plaintiff,

  v.

DIRECTO HISPANO,
Form unknown
  Defendant.

Complaint for Federal Trademark Infringement

**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a)); STATE UNFAIR COMPETITION (Cal. Bus. & Prof. Code § 17200 et seq., and 17500 et seq.); and COMMON LAW UNFAIR COMPETITION**

Plaintiff DIRECTO HISPANIC, LLC alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367, and 15 U.S.C. § 1121, as it involves an action arising under the United States trademark laws, 15 U.S.C. §§ 1051 et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. Upon information and belief, Defendant has advertised, offered for sale and sold its marketing services in this district using a trademark which is confusingly similar to DIRECTO HISPANIC'S trademark.

**NATURE OF THE ACTION**

3. This is an action for the use of false designations of origin and false and misleading descriptions and representations in violation of the Trademark Act of 1946,

15 U.S.C. § 1125(a); state unfair competition in violation of Cal. Bus. & Prof. Code 17200 et seq. and 17500 et seq.; and unfair competition and trademark infringement under the common law.

## THE PARTIES

4. Plaintiff DIRECTO HISPANIC, LLC ("DIRECTO HISPANIC" or "Plaintiff") is a Florida limited liability company with its principal place of business located in Long Beach, California.

5. On information and belief, Defendant DIRECTO HISPANO ("DIRECTO HISPANO" or "Defendant") is an entity, form unknown, located in New York, New York, which advertises, offers for sale and performs its marketing services under the confusingly similar "DIRECTO HISPANO" trademark in this judicial district.

## FACTS UNDERLYING THE CAUSES OF ACTION

### DIRECTO HISPANIC and its Service Mark

6. DIRECTO HISPANIC is a well-known marketing firm providing various marketing services to customers throughout the United States. DIRECTO HISPANIC offers services to all companies, but targets the Latino community in the United States.

7. DIRECTO HISPANIC first began offering marketing services using the highly distinctive "DIRECTO HISPANIC" mark ("DIRECTO HISPANIC MARK") in 2004.

8. DIRECTO HISPANIC's mark is a highly distinctive word mark, which is the subject of U.S. Trademark Application Serial No. 77/552,801 for "advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line media; Marketing services, namely consumer marketing research, branded entertainment and retail marketing services; Market research; Arranging and conducting marketing promotional events for others; Providing consulting services in the field of facilitating the planning, buying, and selling of media; and special event planning."

/ / / / /

/ / / / /
2   Complaint for Federal Trademark Infringement and Federal Unfair Competition under the Lanham Act

9. DIRECTO HISPANIC is well known in the marketing industry. Customers contract for and use DIRECTO HISPANIC's services bearing the DIRECTO HISPANIC MARK because of DIRECTO HISPANIC's excellent customer service and reputation.

10. DIRECTO HISPANIC has had substantial success as a marketing firm providing services throughout the United States to some of the nation's largest companies. DIRECTO HISPANIC has provided services to companies in various industries, including entertainment, food and beverage, retail, consumer products, wine and spirits, and many others. Since its inception, DIRECTO HISPANIC has generated tens of millions of dollars in revenue under its DIRECTO HISPANIC MARK.

11. DIRECTO HISPANIC has also been given numerous awards handed out by the marketing industry, including the International Dairy Foods Association Award and best Multicultural Campaign in 2007 and 2008. These awards handed out by DIRECTO HISPANIC's peers in the marketing industry indicate the widespread recognition and reputation of the DIRECTO HISPANIC MARK.

12. DIRECTO HISPANIC has advertised its DIRECTO HISPANIC MARK or had its mark mentioned in numerous media outlets circulated throughout the United States, including several trade magazines and trade websites, as well as its own website located at www.directohispanic.com. DIRECTO HISPANIC is also part of the Association of Hispanic Advertising Agencies, which has national recognition.

13. DIRECTO HISPANIC's distinctive DIRECTO HISPANIC MARK is well known and recognized by consumers and others in the marketing industry as indicating DIRECTO HISPANIC as the source of the marketing and promotions services being provided.

14. As a result of DIRECTO HISPANIC's Millions of dollars in revenues, length of use, public recognition, advertising, and promotion of the DIRECTO HISPANIC MARK, as well as reputation and quality of the services provided by DIRECTO HISPANIC, the DIRECTO HISPANIC MARK is widely recognized in the marketing industry as originating from DIRECTO HISPANIC, and it distinguishes DIRECTO HIPSANIC's superior services

/////

from the services of others. DIRECTO HISPANIC's mark has come to represent an extremely valuable reputation and goodwill belonging exclusively to DIRECTO HISPANIC.

**Defendant's Wrongful Acts**

15. On information and belief, Defendant is aware of DIRECTO HISPANIC's trademark, of the reputation and goodwill represented by this mark, and that the public recognizes and relies upon this mark as identifying the services of DIRECTO HISPANIC and distinguishing DIRECTO HISPANIC's services from the services of others.

16. Notwithstanding this aforesaid knowledge, on information and belief, Defendant continues to set upon a course of conduct to misappropriate DIRECTO HISPANIC's rights in the DIRECTO HISPANIC MARK.

17. In or around June 2008, DIRECTO HISPANIC discovered that Defendant was using the nearly identical mark, "DIRECTO HISPANO" in connection with very similar marketing and promotions services as those offered by DIRECTO HISPANIC. DIRECTO HIPSANIC also discovered that Defendant was targeting the Latino community. Given the similarity of the marks, the underlying services and target consumers, DIRECTO HISPANIC was quite concerned with potential confusion among the consuming public.

18. In a letter dated August 18, 2008, Defendant, through its counsel, demanded that DIRECTO HISPANIC cease and desist any current or future use of DIRECTO HISPANIC or any designation that was similar thereto. Attached hereto as Exhibit "B" is a true and correct copy of the cease and desist letter sent by Defendant's counsel.

19. In this August 18, 2008 letter, Defendant claimed that several consumers were confused between DIRECTO HISPANIC and DIRECTO HISPANO and had misdirected their communications to Defendant. DIRECTO HISPANO's letter confirmed DIRECTO HISPANIC's concerns that consumers and potential consumers were being confused by Defendant's use of the DIRECTO HISPANO mark.

20. On information and belief, Defendant's first use of its confusingly similar "DIRECTO HISPANO" name is subsequent to DIRECTO HISPANIC's date of first use.

/////

21. Defendant is using its "DIRECTO HISPANO" name without the consent or permission of DIRECTO HISPANIC. DIRECTO HISPANIC has not authorized or licensed Defendant in any way to use this confusingly similar name.

22. Defendant's name, "DIRECTO HISPANO" is nearly identical to DIRECTO HISPANIC's mark. Both DIRECTO HISPANIC and DIRECTO HISPANO are comprised of the first word "DIRECTO" followed by a second word, which is visually and phonetically very similar, and identical in meaning. The words "HISPANIC" and "HISPANO" are visually and phonetically identical, except for the last two letters of HISPANIC and the last letter of HISPANO. Also, the word "HISPANIC" and "HISPANO" have identical meanings, namely, a "Spanish speaking person." In fact, the dictionary definition for HISPANO refers to HISPANIC and vice-versa. The words are essentially interchangeable and have identical meanings. Taken as a whole, DIRECTO HISPANIC and DIRECTO HISPANO are identical in meaning and virtually identical visually and phonetically.

23. On information and belief, Defendant is advertising, offering for sale and performing services in interstate commerce under the name "DIRECTO HISPANO" with the intent to trade off of and profit on the reputation and goodwill represented by DIRECTO HISPANIC's mark, and with the intent to confuse, mislead, and/or deceive the public into believing that Defendant's services are DIRECTO HISPANIC's services, or have been sponsored or approved by DIRECTO HISPANIC, or are otherwise affiliated, connected, or associated with DIRECTO HISPANIC. In particular, on information and belief, Defendant provides marketing services targeting the Latino community, which are the same type of services offered by DIRECTO HISPANIC and the same target audience as DIRECTO HISPANIC.

24. Defendant's use of the very similar "DIRECTO HISPANO" designation has caused actual consumer confusion, and is likely to further confuse, mislead, and/or deceive the public into believing that Defendant's services are DIRECTO HISPANIC's services, or have been sponsored or approved by DIRECTO HISPANIC, or are otherwise affiliated, connected, or associated with DIRECTO HISPANIC.

25. DIRECTO HISPANIC has been damaged and is likely to be further damaged by Defendant's continued use of the name "DIRECTO HISPANO."

26. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to DIRECTO HISPANIC and, unless such acts are restrained by this Court, they will be continued and DIRECTO HISPANIC will continue to suffer great and irreparable injury.

## CAUSES OF ACTION

## COUNT I

## FEDERAL UNFAIR COMPETITION

## (15 U.S.C. SECTION 1125(a))

27. DIRECTO HISPANIC incorporates and realleges the aforementioned paragraphs as if fully set forth herein.

28. Defendant is a direct competitor of DIRECTO HISPANIC. DIRECTO HISPANIC and DIRECTO HISPANO both advertise and offer marketing services targeted to the Latino community.

29. Defendant's use of and intended continued use in interstate commerce of DIRECTO HISPANO, a mark which is confusingly similar to DIRECTO HISPANIC'S MARK, constitutes the use in interstate commerce of unfair competition, false designations of origin, and false or misleading descriptions and representations of fact in connection with services, which is likely to cause confusion, mistake, and/or deception as to the affiliation, connection, or association of Defendant's services, or as to the sponsorship or approval of Defendant's services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30. Defendant's interstate advertising, promotion, and offering of services created and continues to create a likelihood of confusion, mistake or deception as to the affiliation, connection, association, origin, sponsorship, approval, commercial activities, nature, characteristics or qualities of Defendant's marketing services relative DIRECTO HISPANIC's marketing services.

/ / / / /

1  31. The aforesaid conduct of Defendant is without the consent or permission of DIRECTO HISPANIC.

32. On information and belief, Defendant committed the aforesaid infringing acts willfully, intentionally, maliciously and in conscious disregard for the goodwill and reputation associated with the DIRECTO HISPANIC MARK.

33. As a result of Defendant's aforesaid acts, DIRECTO HISPANIC has suffered, and will continue to suffer, both money damages in an amount to be proven at trial and damages which have no adequate remedy at law.

## COUNT II

## STATE UNFAIR COMPETITION

**(Cal. Bus. & Prof. Code § 17200 et seq., and 17500 et seq.)**

34. DIRECTO HISPANIC incorporates and realleges the aforementioned paragraphs as if fully set forth herein.

35. DIRECTO HISPANIC invested and continues to invest substantial time, skill and money in advertising, promoting and offering its services under its DIRECTO HISPANIC MARK, as reflected in its common law rights.

36. Defendant has been trading off and continues to trade off of DIRECTO HISPANIC's goodwill and use DIRECTO HISPANIC'S MARK through the use of the nearly identical name DIRECTO HISPANO in connection with the offering of marketing services with no consideration or payment to DIRECTO HISPANIC.

37. Defendant's use of DIRECTO HISPANO in connection with marketing services is not authorized by DIRECTO HISPANIC.

38. Defendant's conduct constitutes unlawful, unfair, and fraudulent business acts and practices and unfair competition prohibited under sections 17200 et seq., and 17500 et seq., of the California Business and Professions Code.

39. As a result of Defendant's conduct, DIRECTO HISPANIC has suffered, and will continue to suffer, irreparable harm to its business reputation, goodwill, and stature in the

/////

business community. This harm cannot be adequately compensated by money damages and DIRECTO HISPANIC has no other adequate remedy at law.

40. As a result of Defendant's actions DIRECTO HISPANIC has suffered, and will continue to suffer, money damages in an amount to be proven at trial.

41. DIRECTO HISPANIC is informed and believes and thereon alleges that Defendant committed the above-alleged acts oppressively, fraudulently, maliciously and in conscious disregard of DIRECTO HISPANIC's rights, and DIRECTO HISPANIC is therefore entitled to exemplary and punitive damages pursuant to California Civil Code section 3294 in an amount sufficient to punish, to deter and to make an example of Defendant.

## COUNT III
## UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT UNDER COMMON LAW

42. DIRECTO HISPANIC incorporates and re-alleges the aforementioned paragraphs as if fully set forth herein.

43. The aforesaid acts of Defendants constitute the sale and passing-off of their services which is an infringement, imitation, and misappropriation of DIRECTO HISPANIC's trademark, in violation of DIRECTO HISPANIC's rights at common law.

44. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to DIRECTO HISPANIC and, unless such acts are restrained by this Court, they will be continued and DIRECTO HISPANIC will continue to suffer great and irreparable injury.

45. DIRECTO HISPANIC is informed and believes and thereon alleges that Defendant's acts complained of herein have greatly damaged DIRECTO HISPANIC and, unless retrained and enjoined, will continue to damage DIRECTO HISPANIC. DIRECTO HISPANIC has no adequate remedy at law.

WHEREFORE, Plaintiff DIRECTO HISPANIC prays for the following relief:

46. That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them or any of their

1  successors or assigns or any of them, be preliminarily and permanently enjoined and restrained
2  from directly or indirectly:
3      a. Using the mark "DIRECTO HISPANIC" or any reproduction, counterfeit,
4  copy, colorable imitation, or confusingly similar variation thereof, including "DIRECTO
5  HISPANO" in connection with the advertising, offering for sale, or sale of services in the
6  marketing and promotions industries, or related services;
7      b. Using the mark "DIRECTO HISPANIC" or any reproduction, counterfeit,
8  copy, colorable imitation, or confusingly similar variation thereof, including "DIRECTO
9  HISPANO", in any manner likely to cause others to believe that Defendant's services are the
10 services of DIRECTO HISPANIC, or have been sponsored or approved by DIRECTO
11 HISPANIC, or are otherwise affiliated, connected, or associated with DIRECTO HISPANIC;
12     c. Making any false or misleading statements regarding DIRECTO HISPANIC,
13 or its services, or the relationship between DIRECTO HISPANIC on the one hand, and Defendant
14 on the other hand;
15     d. Assisting, aiding, or abetting any other person or business entity in engaging in
16 or performing any of the activities referred to in the above subparagraphs a through c.
17     47. That DIRECTO HISPANIC recover damages in the form
18 Defendant's profits and/or its lost profits in such amounts as may be proven at trial.
19     48. That DIRECTO HISPANIC recover the damages arising out of the wrongful
20 acts of Defendant in a sum equal to three times the actual damages suffered by DIRECTO
21 HISPANIC, as provided in 15 U.S.C. § 1117.
22     49. That Defendant be ordered to undertake appropriate corrective advertising to
23 eliminate any confusion that already exists in the marketplace.
24     50. That DIRECTO HISPANIC have and recover the taxable costs of this action,
25 including reasonable attorneys' fees and interest, pursuant to 15 U.S.C. § 1117 and California
26 Code of Civil Procedure § 1021.5.
27 / / / / /
28 / / / / /

51. That DIRECTO HISPANIC have such other and further relief as the Court may deem just and proper.

Dated: August 22, 2008

                      IP LEGAL ADVISORS, PC

                      By _____
                          JOHN M. KIM
                          Attorney for Plaintiff
                          DIRECTO HISPANIC, LLC

## DEMAND FOR JURY TRIAL

Plaintiff DIRECTO HISPANIC, LLC hereby demands a trial by jury.

Dated: August 22, 2008

                        IP LEGAL ADVISORS, PC

                        By _____
                            JOHN M. KIM
                            Attorney for Plaintiff
                            DIRECTO HISPANIC, LLC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

FILED 2008 AUG 22 PM 3:46
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff: Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: New York
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John M. Kim, IP Legal Advisors, P.C., 1940 Garnet Ave., Suite 230
San Diego, CA 92109, (858) 272-0227

Attorneys (If Known): 08 CV 1560 JLS WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1125
Brief description of cause:
Unfair Competition and Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ INJUNCTION

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/22/2008

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 154385  AMOUNT $350  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JAC  4/22  8/22/08

```
         UNITED STATES
         DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

       # 154385      - TC

       August 22, 2008
           15:52:17

       Civ Fil Non-Pris
   USAO #.: 08CV1560
   Judge..: JANIS L. SAMMARTINO
   Amount.:              $350.00 CK
   Check#.: BC2404


       Total-> $350.00


   FROM: CIVIL FILING
```